<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WAYNE BUSBY, | : | Civil Action No. 02-1687 (FSH) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | <u>**O P I N I O N**</u> |
| | : | |
| ROY L. HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    WAYNE BUSBY, #18044B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner <u>Pro</u> <u>Se</u>

    CATHERINE A. FODDAI, Deputy Attorney General
    PETER C. HARVEY, ATTORNEY GENERAL
    Division of Criminal Justice - Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey  08625
    Attorneys for Respondents

<u>HOCHBERG</u>, District Judge

Wayne Busby, serving a life sentence for murder, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Bergen County.  Respondents filed an Answer seeking dismissal of the Petition on several grounds, including the  statute of limitations, 28 U.S.C. § 2244(d).  For the reasons expressed below, the Court dismisses the Petition as untimely and denies a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Bergen County, on May 5, 1989, after a jury found him guilty of three counts of murder. The Law Division sentenced Petitioner to an three concurrent life sentences, with a 30-year period of parole ineligibility.  Petitioner appealed, and in an opinion filed September 2, 1993, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and remanded for merger of the felony murder counts into the murder count and for resentencing.  See New Jersey v. Busby, No. A-5013-88T4 slip op. (App. Div. Sept. 2, 1993).

On October 26, 1993, the Law Division re-sentenced Petitioner to life imprisonment, with a 30-year period of parole ineligibility.  On November 18, 1993, the New Jersey Supreme Court denied Petitioner's petition for certification.  State v. Busby, 124 N.J. 567 (Nov. 18, 1993) (table).  On April 18, 1994, the United States Supreme Court denied certiorari.

Petitioner signed a state petition for post-conviction relief on March 31, 1997.  On October 28, 1998, the Law Division of the Superior Court of New Jersey denied relief conducting an evidentiary hearing.  The Superior Court, Appellate Division, affirmed the order denying PCR in an opinion filed June 25, 2001.  See New Jersey v. Busby, No. A-A-003436-98T4 slip op. (App. Div. June 25, 2001).  The Supreme Court of New Jersey denied his petition for certification on October 11, 2001.  See State v. Busby, 170 N.J. 207 (Oct. 11, 2001) (table).

By way of a cover letter dated April 2, 2002, Petitioner forwarded his undated § 2254 Petition to the Clerk who received in on April 8, 2002.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive

2

Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  The Petition asserts ten grounds, none of which raises a right newly recognized by the United States Supreme Court.  Respondents filed an Answer, with relevant portions of the state court record, arguing inter alia, that the Petition should be dismissed as barred by the one-year statute of limitations.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year

limitations period began on April 24, 1996.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  Absent statutory or equitable tolling, the limitations period would have expired on April 23, 1997.  Id.

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under certain circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling.  Miller, 145 F.3d at 618.  The one-year limitations period is subject to equitable tolling "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice."  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Equitable tolling is appropriate

> only when the principle of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his

rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Because Petitioner's direct appeal became final in 1994, he had a one-year grace period to file his § 2254 Petition beginning on April 24, 1996.  The limitations period ran for 341 days until he filed his state petition for post conviction relief in the Law Division on March 31, 1997.  It was statutorily tolled from March 31, 1997, through October 11, 2001, when the Supreme Court of New Jersey denied certification.  The limitations period picked up again on October 12, 2001, and ran for the remaining 24 days until it expired on November 5, 2001.  Because the statute of limitations expired on November 5, 2001, and Petitioner did not forward his § 2254 Petition to the Clerk of this Court until April 2, 2002, the Petition is time barred.

Although Respondents raised the statute of limitations as an affirmative defense in the Answer, Petitioner has not argued that the limitations period should be equitably tolled.  The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling.  Because there are no extraordinary circumstances warranting

equitable tolling, the Court holds that the instant § 2254 Petition is barred by the one-year statute of limitations and dismisses the Petition as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely and denies a certificate of appealability.


    /s/ Faith. S. Hochberg
    FAITH S. HOCHBERG, U.S.D.J.

DATED:  October 12, 2005